UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TATIANA M. DENSON,

    **Plaintiff,**

 v.                 **CASE NO:**

MAXIMUS LLC,

    **Defendant.**

    _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TATIANA M. DENSON, (hereinafter "Plaintiff" or "Ms. Denson"), by and through the undersigned counsel, hereby sues Defendant, MAXIMUS LLC (hereinafter "Defendant," "Maximus," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on disability and retaliation in violation of the Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"). In addition, Plaintiff seeks to redress violations by Defendant of

the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her disability, and retaliated against her in violation of her rights under the FCRA. Plaintiff further alleges that Defendant unlawfully interfered with the exercise of Plaintiff's FMLA rights and unlawfully retaliated against her for exercising those rights in violation of the FMLA.

3.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§

1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.     Plaintiff is TATIANA M. DENSON, a 46-year-old female who has been diagnosed with attention deficit hyperactivity disorder (ADHD), anxiety, and major depressive disorder, conditions that substantially limit one or more major life activities and require ongoing medical treatment and

prescribed medication.

9.     Plaintiff is a member of a class protected against discrimination and retaliation based on her disability under the FCRA, and the FMLA.

10.     During the period from September 11, 2022, until April 7, 2025, Defendant employed Plaintiff as a Customer Service Representative at its Net Park worksite in Tampa, Florida.

11.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.     At all times material herein, Plaintiff was an employee entitled to protection as defined by the FCRA, and the FMLA.

13.     The Defendant, MAXIMUS LLC, is a Limited Liability Company that regularly conducts business in Florida, including at the worksite located at 5701 E. Hillsborough Avenue, Suite 5701, Tampa, FL 33613, Hillsborough County, Florida, where Plaintiff was employed.

14.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, and employed more than 500 employees.

15.     At all times material herein, Defendant met, and continues to

meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the FCRA, and the FMLA.

16. Accordingly, Defendant is liable under the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff. Defendant is also liable under the FMLA for unlawfully interfering with Plaintiff's rights and for retaliating against Plaintiff in violation of the FMLA as more fully alleged herein.

## ADMINISTRATIVE PREREQUISITES

17. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18. On April 16, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination and retaliation.

19. On January 23, 2026, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2025-02638) against Defendant.

20. On January 29, 2026, the FCHR issued Plaintiff a Notice of State

Rights in reference to her dual-filed Charge of Discrimination.

21.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.     Plaintiff has been diagnosed with attention deficit hyperactivity disorder (ADHD), anxiety, and major depressive disorder. These conditions substantially limit one or more major life activities and require ongoing medical treatment and prescribed medication.

23.     On September 11, 2022, Plaintiff began working for Defendant as a Customer Service Representative at Defendant's Net Park worksite in Tampa, Florida, earning $17.76 per hour. In that role, Plaintiff was responsible for providing information and assistance to callers, emailers, and chat users regarding healthcare and government programs, documenting interactions, and managing customer communications.

24.     Throughout her employment, Plaintiff performed her job duties satisfactorily while managing her disabilities through approved FMLA leave and accommodation and prescribed medication.

25.     Defendant was aware of Plaintiff's disabilities and of her approved FMLA leave and accommodation, which were in place during her

employment.

26.    Beginning on or about October 7, 2024, Plaintiff was placed under the supervision of Savannah Williams, and it was under Ms. Williams's supervision that the discriminatory and retaliatory treatment escalated.

27.    Ms. Williams sent Plaintiff passive-aggressive emails regarding Plaintiff's use of her approved FMLA accommodation and called Plaintiff at home on a Saturday despite knowing about Plaintiff's FMLA accommodation.

28.    Ms. Williams publicly threatened and humiliated Plaintiff on the production floor, and instructed Human Resources to write Plaintiff up in connection with her FMLA use. Plaintiff was also threatened with termination regarding hours that were pending approval.

29.    Prior to the events described herein, manager Kenneth McNeil attempted to have Human Resources Representative Laurie Swift issue Plaintiff a write-up for attendance related to her FMLA accommodation. When Plaintiff objected, the write-up was rescinded.

30.    In or about September 2024, as a result of the harassment and hostile work environment, Plaintiff filed an ethics complaint against

manager Kenneth McNeil through Defendant's ethics and compliance line regarding the harassment she was experiencing.

31.    After Plaintiff filed the ethics complaint, she experienced increased hostility in her work environment.

32.    On or about the date of the production-floor incident, Supervisor Savannah Williams confronted Plaintiff in an aggressive manner and made what Defendant's Human Resources Manager later characterized as an "implied threat" toward Plaintiff in front of other employees.

33.    Consistent with Defendant's compliance training regarding workplace threats, Plaintiff reported the incident to her Human Resources Representative, Laurie Swift, and to the Site Director.

34.    Plaintiff advised Human Resources that she did not feel safe or comfortable with Ms. Williams continuing to serve as a superior following the threat, and Ms. Swift stated that she would conduct an investigation.

35.    During the pendency of the investigation, Plaintiff was temporarily placed on another supervisor's team, and Plaintiff and Ms. Williams were instructed to stay away from and steer clear of one another.

36.    Despite that instruction, Ms. Williams repeatedly walked by Plaintiff's desk throughout the workday, which made Plaintiff feel unsafe,

isolated, and subjected to ongoing hostility.

37.     Plaintiff learned that, following the incident, Ms. Williams had approached other employees asking what they had heard about the incident and advising them that Human Resources would be contacting them.

38.     When Plaintiff reported her continuing concerns to Human Resources, the interim Human Resources Manager offered Plaintiff a transfer to another site, despite knowing that a transfer would create challenges in light of Plaintiff's documented disabilities.

39.     Plaintiff documented her concerns, including that she did not feel safe in the workplace, through Defendant's Microsoft Teams messaging system and through emails.

40.     On March 27, 2025, Plaintiff emailed Defendant's Chief Executive Officer regarding the threats and unfair treatment she was experiencing.

41.     Shortly thereafter, on April 7, 2025, Plaintiff was terminated. Plaintiff first received a termination email from Human Resources Manager Laurie Swift, and thereafter Site Director Tiffany David called Plaintiff, along with Human Resources Manager Donna Mayo, to confirm the termination.

42.     When Plaintiff asked whether the stated "misconduct" was in

reference to the investigation she had initiated after being threatened, Site Director Tiffany David confirmed that it was.

43.    Defendant stated that the reason for Plaintiff's termination was "misconduct."

44.    At the time of her termination, Plaintiff had a pending accommodation request, and her termination occurred before that pending accommodation request could be processed.

45.    Defendant's stated reason for Plaintiff's termination was false and pretextual, and the true reasons for the termination were Plaintiff's disability, her use of FMLA leave and accommodation, and her protected complaints.

46.    As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered and continues to suffer significant damages, including lost wages, lost benefits, emotional distress, mental anguish, increased anxiety and depression, damage to her professional reputation, and medical expenses.

47.    At all times relevant herein, Plaintiff was a qualified individual with a disability who could perform the essential functions of her position, with or without reasonable accommodation.

## COUNT I
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Disability Discrimination
### Fla. Stat. §§ 760.01-760.11

48.    Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49.    At all times material, Defendant was an employer within the meaning of the FCRA.

50.    At all times material, Plaintiff was a qualified individual with a disability or handicap within the meaning of the FCRA in that she had a physical or mental impairment that substantially limited one or more major life activities and she could perform the essential functions of her position with or without reasonable accommodation.

51.    Plaintiff suffers from ADHD, anxiety, and major depressive disorder, which substantially limit one or more major life activities.

52.    Defendant knew of Plaintiff's disability and disability-related need for leave and accommodation.

53.    After Defendant became aware of Plaintiff's disability and disability-related need for leave and accommodation, Defendant subjected Plaintiff to adverse terms and conditions of employment because of her

disability, including heightened scrutiny, hostility, threats regarding her employment, and ultimately termination on April 7, 2025.

54. Defendant took the foregoing actions against Plaintiff because of Plaintiff's disability.

55. Defendant's conduct constituted unlawful disability discrimination in violation of the FCRA.

56. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff demands judgment against Defendant and requests all relief available under the FCRA, including declaratory relief, back pay, front pay or reinstatement as appropriate, compensatory damages as allowed by law and within any applicable statutory limits, pre- and post-judgment interest, attorneys' fees, costs, and such further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Retaliation
### Fla. Stat. §§ 760.01-760.11

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

58. At all times material, Defendant was an employer within the meaning of the FCRA.

59. Plaintiff engaged in protected activity under the FCRA by, among other things, requesting and using disability-related leave and accommodation, requesting a reasonable accommodation, and complaining about disability-related mistreatment and harassment in the workplace.

60. Defendant knew of Plaintiff's protected activity.

61. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including passive-aggressive communications regarding her FMLA use, increased scrutiny and hostility, threats regarding her employment, and termination of her employment on April 7, 2025.

62. The adverse actions taken against Plaintiff were materially adverse in that they would dissuade a reasonable employee from engaging

in protected activity under the FCRA.

63.     There is a causal connection between Plaintiff's protected activity and Defendant's materially adverse actions.

64.     Defendant's conduct constituted unlawful retaliation against Plaintiff in violation of the FCRA.

65.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff demands judgment against Defendant and requests all relief available under the FCRA, including declaratory relief, back pay, front pay or reinstatement as appropriate, compensatory damages as allowed by law and within any applicable statutory limits, pre- and post-judgment interest, attorneys' fees, costs, and such further relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### Interference
### 29 U.S.C. § 2601 et seq.

66.     Plaintiff realleges and incorporates by reference paragraphs 1

through 47 as though fully set forth herein.

67. At all times material, Plaintiff was an eligible employee within the meaning of the FMLA.

68. At all times material, Defendant was an employer within the meaning of the FMLA.

69. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

70. Plaintiff was entitled to take FMLA leave, and Defendant approved Plaintiff's FMLA leave and accommodation, which were in place during her employment.

71. Plaintiff exercised rights protected by the FMLA by taking approved FMLA leave and by utilizing her approved FMLA accommodation.

72. Defendant knew that Plaintiff had been approved for and had exercised FMLA leave and accommodation rights.

73. Defendant interfered with, restrained, and denied Plaintiff's exercise of rights under the FMLA by, among other things, sending passive-aggressive communications regarding Plaintiff's FMLA use, contacting Plaintiff at home despite her FMLA accommodation, instructing Human

Resources to discipline Plaintiff in connection with her FMLA use, threatening Plaintiff's employment, and terminating Plaintiff's employment.

74.    As a result of Defendant's termination of Plaintiff's employment, Plaintiff was denied the benefit of her approved FMLA leave and accommodation and the protections associated with such leave.

75.    Defendant thereby interfered with Plaintiff's exercise of rights protected by the FMLA, in violation of 29 U.S.C. § 2615(a)(1).

76.    As a direct and proximate result of Defendant's unlawful interference, Plaintiff has suffered damages including lost wages, salary, employment benefits, and other compensation, and is entitled to all damages and equitable relief authorized by the FMLA.

77.    Defendant's violation was not in good faith, and Plaintiff is therefore entitled to liquidated damages to the full extent permitted by law.

WHEREFORE, Plaintiff demands judgment against Defendant and requests all relief available under the FMLA, including lost wages, lost salary, lost employment benefits, liquidated damages, equitable relief including reinstatement or front pay where appropriate, pre- and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT IV**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**Retaliation**
**29 U.S.C. § 2601 et seq.**

75.    Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

76.    At all times material, Plaintiff was an eligible employee within the meaning of the FMLA.

77.    At all times material, Defendant was an employer within the meaning of the FMLA.

78.    Plaintiff engaged in activity protected by the FMLA by requesting, obtaining approval for, and using FMLA leave and accommodation.

79.    Defendant knew Plaintiff had requested, been approved for, and used FMLA leave and accommodation.

80.    After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including passive-aggressive communications regarding her FMLA use, threats regarding her employment, and termination of her employment on April 7, 2025.

81.    The temporal proximity between Plaintiff's exercise of FMLA

rights and Defendant's adverse actions, together with the pretextual nature of the reason given for Plaintiff's termination, supports a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

82.   Defendant retaliated against Plaintiff because she exercised rights protected by the FMLA, in violation of 29 U.S.C. § 2615(a)(2).

83.   As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered damages including lost wages, salary, employment benefits, and other compensation, and is entitled to all damages and equitable relief authorized by the FMLA.

84.   Defendant's violation was not in good faith, and Plaintiff is therefore entitled to liquidated damages to the full extent permitted by law.

WHEREFORE, Plaintiff demands judgment against Defendant and requests all relief available under the FMLA, including lost wages, lost salary, lost employment benefits, liquidated damages, equitable relief including reinstatement or front pay where appropriate, pre- and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper..

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 16th day of July 2026.

/s/ Jason W. Imler, Esq

Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com